STEPHEN R. MICK (SBN 131569)
*stephen.mick@btlaw.com*
ROYA RAHMANPOUR (SBN 285076)
*roya.rahmanpour.btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

TODD G. VARE (*Pro Hac Vice* forthcoming)
*todd.vare@btlaw.com*
JEFF BARRON (*Pro Hac Vice* forthcoming)
*jeff.barron@btlaw.com*
**BARNES AND THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: 317-236-1313
Facsimile: 317-231-7433

**Attorneys for Google LLC**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, _____ DIVISION

| | |
|---|---|
| GOOGLE LLC<br><br>            Plaintiff,<br><br>     v.<br><br>ORTIZ & ASSOCIATES CONSULTING, LLC,<br><br>            Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,971,914 AND 9,380,414**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Google LLC ("Google"), by and through its attorneys, hereby files this Complaint for a declaratory judgment that it does not infringe two United States Patents, U.S. Patent Nos. 8,971,914 (the "'914 patent") and 9,380,414 (the "'414 patent") (collectively, the "patents-in-suit"), and alleges the following:

## PARTIES AND INTRODUCTION

1. Declaratory Judgement Plaintiff Google is a limited liability company organized and existing under the laws of Delaware and maintains its principal place of business at 1600 Amphitheatre Parkway in Mountain View, CA 94043.

2. On information and belief, Declaratory Judgement Defendant Ortiz & Associates Consulting, LLC ("Ortiz") is a limited liability company organized and existing under the laws of New Mexico that maintains its principal place of business at 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

3. This dispute arises out of a prior lawsuit that Ortiz filed against Google in the Northern District of Illinois, Eastern Division, which Ortiz voluntarily and abruptly dismissed without prejudice prior to Google's service of a responsive pleading. *See Ortiz & Associates Consulting, LLC v. Google LLC*, No. 1:18-cv-00838 (N.D. Ill.) (the "Illinois Lawsuit") (Ex. A, Ortiz's Complaint in the Illinois Lawsuit).

4. Prior to Ortiz's voluntary dismissal of the Illinois Lawsuit against Google, a defendant in another Ortiz lawsuit in the Northern District of Illinois—HP, Inc.—filed a motion to transfer that case to this District pursuant to 28 U.S.C. § 1406. *See Ortiz & Associates Consulting, LLC v. HP, Inc.*, No. 1:18-cv-00837 (N.D. Ill.), Doc. 23 (the "HP Lawsuit").

5. On information and belief, Ortiz consented to the motion to transfer. The HP Lawsuit is currently pending in this District. *See Ortiz & Associates Consulting, LLC v. HP, Inc.*, No. 3:18-cv-04032-JSC (N.D. Cal.).

6. In the prior Illinois Lawsuit against Google, Ortiz alleged that Google infringes the '914 and '414 patents because it "provides" the Chromecast product with a particular mode of operation—"Guest Mode"—that purportedly practices claim 1 of each asserted patent. Ex. A.

7. Although Ortiz voluntarily dismissed the Illinois Lawsuit without prejudice, Ortiz

has never withdrawn its allegations of infringement against Google. On information and belief, Ortiz continues to assert that the Chromecast product provided by Google infringes the '914 and '414 patents. Consequently, the threat that Ortiz may re-file its lawsuit and pursue its infringement claims against Google still exists. Indeed, Ortiz has continued to pursue claims under the '414 patent as evidenced by the HP Lawsuit and, on information and belief, has continued to assert at least the '914 patent against other companies.

8. The Court should not allow the threat of a future lawsuit against Google to cast a cloud over Google's business, causing uncertainty for Google regarding its ongoing sale of Chromecast products and threatening Google with the possibility that damages may continue to accrue in the event a fact-finder ultimately finds against Google on its noninfringement claim.

9. Thus, there remains a substantial controversy between Google and Ortiz having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of noninfringement. As Ortiz's claims against HP, Inc. for alleged infringement of the '414 patent are presently pending before this Court, both judicial economy and Google's rights are served for this Court to also resolve Ortiz's claim against Google for alleged infringement of the '914 patents and '414 patents.

## BACKGROUND

10. On February 1, 2018, Ortiz filed the Illinois Lawsuit against Google, accusing Google of infringing the '914 and '414 patents. A copy of Ortiz's Complaint is attached as Exhibit A, and copies of the '914 and '414 patents are attached as Exhibits B and C, respectively.

11. Ortiz alleged in the Illinois Lawsuit that it "is the assignee of assignee [*sic*] of all right, title and interest United States Patents Nos. 9,380,414 (the "'414 patent") and 8,971,914 (the "'914 patent") including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit." Ex. A, ¶ 7.

12. The sole named inventor of the '914 and '414 patents is Luis Ortiz, who is also identified as the prosecuting attorney of record for the applications that led to the '914 and '414 patents.

13. On information and belief, Luis Ortiz is also the owner of the Plaintiff Ortiz &

1  Associates Consulting, LLC.

2  14. The patents-in-suit purport to concern methods of "brokering data" between a
3  "wireless device" (or "WD") and a "data rendering device" (or "DRD"). Ex. B, col. 12. Ln. 54 –
4  col. 15, ln. 25; Ex. C, col. 12, ln. 65 – col. 14, ln. 58. The patents-in-suit contain only claims
5  directed to methods of brokering data; they do not contain apparatus or system claims.

6  15. Ortiz nonetheless alleged in the Illinois Lawsuit that Google "directly infringed"
7  the '914 patent by "providing a device, for example, Google's Chromecast ('Chromecast'), that
8  performs the steps of brokering video data between handheld wireless devices and video-enabled
9  data rendering devices." Ex. A, ¶ 30. Similarly, Ortiz alleged that Google "directly infringed" the
10 '414 patent by "providing a device, for example, Google's Chromecast [*sic*] that performs the
11 steps of brokering data between a wireless device (WD) and a data rendering device (DRD)." Ex.
12 A, ¶ 17.

13 16. The accused Chromecast product is a dongle that a third-party end user (*e.g.*, a
14 consumer) may attach to a television or video monitor via a HDMI port. Ex. A, ¶¶ 17, 30. An end
15 user may attach the Chromecast dongle to, *e.g.*, their television, and use an application on his or
16 her smartphone to display content from the web. This content is not limited to content from
17 Google. For example, a user might opt to use Chromecast to watch a movie provided by third
18 party streaming services on their television, which is video content from a third party that is not
19 controlled by Google. A depiction of the Chromecast product accused by Ortiz in the Illinois
20 Lawsuit is below:



Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

- 3 -

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Retrieved from https://store.google.com/us/product/chromecast_2015?hl=en-US, last visited on September 25, 2018; *see also* Ex. A, ¶¶ 17, 30 (describing and depicting the accused Chromecast product).

17. Ortiz alleged in the Illinois Lawsuit that the Chromecast product directly infringes the method claims of the patents-in-suit by "allow[ing] users to cast television shows, movies and music from mobile devices to a television." Ex. A, ¶ 17 ('414 patent); *id.*, ¶ 30 ('914 patent) (same allegation). Specifically, Ortiz asserted that a user practices the steps of the method claims of the patents-in-suit when they set up a Chromecast product to be used in "Guest Mode." *Id.*, ¶¶ 20-25; *id.*, ¶¶ 32-34 ('914 patent).

18. Ortiz alleged in the Illinois Lawsuit that "Google has been and continues to directly infringe at least claim 1" of each of the patents-in-suit by "providing" the Chromecast product with functionality that purportedly infringes the patents-in-suit. Ex. A, ¶ 17 ('414 patent); *id.*, ¶ 30 ('914 patent) (same allegation).

19. In addition to asserting that Google directly infringes the patents-in-suit in the Illinois Lawsuit, Ortiz also alleged that "Google has also actively induced, and continues to induce, the infringement of at least claim 1 of the" patents-in-suit. Ex. A, ¶ 26 ('414 patent); *id.*, ¶ 35 ('914 patent) (same allegation). Specifically, Ortiz alleged "[u]pon information and belief" that Google "specifically intended that its customers use its products that infringe at least claim 1 of the" patents-in-suit "by, at a minimum, providing access to support for, training and instructions for, its system to customers to enable them to infringe at least claim 1 of the" patents-in-suit. Ex. A, ¶ 26 ('414 patent); *id.*, ¶ 35 ('914 patent) (same allegation).

20. Ortiz's lawsuit was assigned to the Honorable Thomas M. Durkin of the Northern District of Illinois. Under Judge Durkin's procedures for patent cases, no answer to Ortiz's Complaint was due until after the parties and the Court held an informal conference regarding the case: "It is Judge Durkin's practice, however, to hold an informal, off the record meeting in chambers with the attorneys for the parties as soon as possible after all parties have counsel who have filed appearances…. No answer to the complaint is required until after this meeting, which is intended to minimize the costs of this uniquely expensive kind of litigation." Judge Durkin's

Case Procedures, available at http://www.ilnd.uscourts.gov/judge-info.aspx?HztO2ip/uh7HVAKHYpZ4iA== (last accessed July 5, 2018).

21. The informal conference was scheduled to be held on June 5, 2018. The day before, the Court *sua sponte* vacated the informal conference and instead set the case for a status conference. *See* Illinois Lawsuit, No. 1:18-cv-00838 (N.D. Ill.), Doc. 20. In the minute entry, the Court directed that "Counsel should be prepared to discuss venue" at the status conference. *Id.*

22. During the June 5, 2018 status conference, the parties discussed a range of potential motions that Google may bring, including a motion to transfer the Illinois lawsuit to the Northern District of California under 28 U.S.C. § 1404, as well as motions to dismiss under Rule 12(b)(6) for failure to state a claim and for a determination that the patents-in-suit are invalid under 35 U.S.C. § 101. As indicated in the official transcript, the Court indicated that it intended to set another status conference "in a week or two" to give the parties time to discuss various matters, including whether Ortiz would stipulate to a transfer of the Illinois Lawsuit to this District, the Northern District of California.

23. The parties held a discussion in the morning of the day following the status conference (June 6, 2018). In that telephone conference, Google requested, among other things, that Ortiz dismiss the lawsuit against it *with prejudice*.

24. Later that same day, Ortiz dismissed the Illinois Lawsuit *without prejudice*. Because the complaint was dismissed without prejudice, Ortiz may seek to re-file its infringement claims against Google in the future.

25. Ortiz had also filed the HP Lawsuit against HP, Inc. in the Northern District of Illinois at the same time that it had filed the Illinois Lawsuit against Google. In the HP Lawsuit, Ortiz asserted that HP infringed at least claim 1 of the '414 patent, which it also asserted against Google, as well as another related patent.

26. The HP lawsuit was at the time assigned to a different Judge in the Northern District of Illinois (Judge Sarah L. Ellis). On June 1, 2018, HP filed a motion to transfer the HP Lawsuit to this District under 28 U.S.C. § 1406. HP's motion was set to be presented to the Court at a hearing scheduled for June 14, 2018.

27. On information and belief, Ortiz indicated at or prior to the hearing that it would not oppose HP's motion to transfer the HP Lawsuit to this District.

28. On June 15, 2018, the Northern District of Illinois ordered that the HP Lawsuit be transferred to this District. The Northern District of Illinois electronically transmitted the record of the HP Lawsuit to this District on July 2, 2018, and it was entered into this Court's Docket on July 9, 2018 as Case No. 8-cv-04032-JSC.

29. On information and belief, the HP Lawsuit is currently pending on this Court's docket.

## JURISDICTION AND VENUE

30. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367 and 2201.

31. Ortiz has already sued Google in the Northern District of Illinois for infringement of the '914 and '414 patents, the same patents that are the subject of this declaratory judgment action. Although Ortiz dismissed that lawsuit against Google, it did so without prejudice and contrary to Google's demand that any dismissal must be with prejudice in order to finally resolve the parties' dispute.

32. Google continues to sell the accused Chromecast product. Ortiz has never withdrawn its infringement claims against Chromecast or provided any indication, in word or deed, that it will not re-file its infringement lawsuit against Google in the future.

33. In addition, on information and belief, Ortiz has continued to assert at least one of the same patents-in-suit against HP, Inc. Moreover, Google is informed and believes that the HP Lawsuit has now been transferred by agreement between HP and Ortiz to the Northern District of California.

34. Given that Google has already been sued by Ortiz on the '914 and '414 patents, the fact that Ortiz dismissed that lawsuit against Google without prejudice, and that, on information and belief, Ortiz continues to pursue infringement claims against other companies based at least one of the patents-in-suit asserted against Google, there is a substantial controversy

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

between Google and Ortiz having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. This Court has personal jurisdiction over Ortiz. Ortiz has purposefully availed itself of the benefits of California law and has sufficient minimum contacts with California, including within this District, such that this declaratory judgment action does not offend traditional notions of fair play and substantial justice and this action meets the requirements of California's long-arm statute. Among other things, Google's headquarters are in this District, as are Google employees who worked on the design and development of the accused Chromecast product, and Ortiz's allegations of infringement specifically target conduct that occurred in California, including in this District. Moreover, on information and belief, Ortiz has consented to personal jurisdiction in this District in the HP Lawsuit, which involves one of the two patents asserted against Google.

36. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Google resides in this District and Ortiz has alleged that Google committed acts of infringement in this District. This District is also the most convenient District for the present declaratory judgment claims because, among other things, witnesses and evidence concerning the accused Chromecast product are located in this District and the HP Lawsuit has been transferred to this District and involves an overlapping Ortiz patent.

## INTRADISTRICT ASSIGNMENT

37. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## COUNT I -- DECLARATORY JUDGMENT OF NONINFRINGEMENT
## OF U.S. PATENT NO. 8,971,914

38. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39. On information and belief, Ortiz alleges that it owns all right, title, and interest in the '914 patent.

40. Ortiz has accused Google of directly infringing and inducing infringement of at least claim 1 of the '914 patent based on the existence of Guest Mode in the Chromecast product.

Ex. A. Ortiz has never recanted those accusations, but instead dismissed its Complaint *without prejudice* and with the right to re-file.

41. Google denies that the Chromecast product infringes any claim of the '914 patent under any theory of liability, either literally or under the Doctrine of Equivalents.

42. Among other things, the Chromecast product does not perform (or have the capability to perform) at least the following method steps, which are referenced with respect to claim 1 of the '914 patent but at least one of which is present in all material respects in the other claims of the '914 patent: the "selecting video data" step (Ex. A, col. 12, ll. 57-59); "requesting assistance from a wireless data communications network … to locate the video-enabled DRD for display of said video data (*id.*, col. 12, ll. 60-63); the "selecting at least one video-enabled DRD" step (*id.*, col. 12, ll. 64-67); "providing said video data to said video-enabled DRD, after an authorization code provided by said WD is verified by said DRD …" (*id.*, col. 13, ll. 1-6). These steps are either performed by the user of the Chromecast product in a manner not under the direction or control of Google or the Chromecast product is incapable of performing the recited claim element(s).

43. Google also does not induce infringement of the '914 patent or otherwise indirectly infringe the '914 patent for at least the reason that there is no direct infringement of the '914 patent by Chromecast or a Chromecast user, either literally or under the Doctrine of Equivalents.

44. The Court should declare that Google does not infringe the '914 patent under any theory, either literally or under the doctrine of equivalents, including by direct, joint, or contributory infringement, or by inducing the infringement of, any asserted claim of the '914 patent.

### COUNT II -- DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,380,414

45. Paragraphs 1 through 44 are incorporated by reference as if fully set forth herein.

46. On information and belief, Ortiz alleges that it owns all right, title, and interest in the '414 patent.

47. Ortiz has accused Google of directly infringing and inducing infringement of at least claim 1 of the '414 patent based on the existence of Guest Mode in the Chromecast product. Ex. A. Ortiz has never recanted those accusations, but instead dismissed its Complaint *without prejudice* and with the right to re-file.

48. Google denies that the Chromecast product infringes any claim of the '414 patent under any theory of liability, either literally or under the Doctrine of Equivalents.

49. Among other things, the Chromecast product does not perform (or have the capability to perform) at least the following method steps, which are referenced with respect to claim 1 of the '414 patent but at least one of which is present in all material respects in the other claims of the '414 patent: "identifying data through a WD to render at a DRD" (Ex. B, col. 13, ln. 1); the "providing a DRD locator request from the WD through a wireless communications network to find at least one DRD located near the DRD, wherein the WD location is first determined by at least one of a GPS module included in the WD and connection of the WD to the wireless communications network" (*id.*, col. 13, ll. 2-7); the "receiving location information and rendering capabilities …" step (*id.*, col. 13, ll. 8-10); "selecting a DRD from discovery of at least one DRD based on location information with respect to the WD and at least one of rendering capabilities and identifying data for said DRD" (*id.*, col. 13, ll. 11-15); the "send the data for rendering by said DRD" step (*id.*, col. 13, ln. 16); "receiving a passcode to provide to said DRD once said DRD is physically located" (*id.*, col. 13, ll. 17-18); the "providing the passcode to said DRD …" step (*id.*, col. 13, ll. 19-23); and/or "wherein said DRD retrieves said data and renders said data after the passcode entered by said user is verified by said DRD" step (*id.*, col. 13, ll. 24-26). These steps are either performed by the user of the Chromecast product in a manner not under the direction or control of Google or the Chromecast product is incapable of performing the recited claim element(s).

50. Google also does not induce infringement of the '414 patent or otherwise indirectly infringe the '414 patent for at least the reason that there is no direct infringement of the '414 patent by Chromecast or a Chromecast user, either literally or under the Doctrine of Equivalents.

51. The Court should declare that Google does not infringe the '414 patent under any theory, either literally or under the doctrine of equivalents, including by direct, joint, or contributory infringement, or by inducing the infringement of, any asserted claim of the '414 patent.

**PRAYER FOR RELIEF**

Plaintiff, Google LLC, respectfully prays for judgment and relief as follows:

a) Declaring that Google has not infringed and does not infringe the '914 patent;

b) Declaring that Google has not infringed and does not infringe the '414 patent;

c) Declaring that judgment be entered in favor of Google and against Ortiz on each of Google's claims;

d) Finding that this case is exceptional under 35 U.S.C. § 285;

e) Awarding Google its costs, expenses and attorneys' fees in connection with this action; and,

f) Awarding all such other relief as the Court deems just and equitable.

Dated: September 28, 2018              **BARNES & THORNBURG LLP**

By: /s/ Roya Rahmanpour
ROYA RAHMANPOUR

STEPHEN R. MICK (SBN 131569)
stephen.mick@btlaw.com
ROYA RAHMANPOUR (SBN 285076)
roya.rahmanpour.btlaw.com
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

TODD G. VARE (*Pro Hac Vice* forthcoming)
todd.vare@btlaw.com
JEFF BARRON (*Pro Hac Vice* forthcoming)
jeff.barron@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: 317-236-1313
Facsimile: 317-231-7433

# JURY DEMAND

Plaintiff, Google LLC, respectfully demands a jury trial on all issues and claims so triable.

Dated: September 28, 2018　　　　　　**BARNES & THORNBURG LLP**

By: /s/ Roya Rahmanpour
　　ROYA RAHMANPOUR

STEPHEN R. MICK (SBN 131569)
*stephen.mick@btlaw.com*
ROYA RAHMANPOUR (SBN 285076)
*roya.rahmanpour@btlaw.com*
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

TODD G. VARE (*Pro Hac Vice* forthcoming)
*todd.vare@btlaw.com*
JEFF BARRON (*Pro Hac Vice* forthcoming)
*jeff.barron@btlaw.com*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: 317-231-1313
Facsimile: 317-231-7433